UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID SCALE,<br>Petitioner, | : | CIV. NO. 3:02CV2048(CFD) |
| v. | : | |
| JOHN ASHCROFT, Attorney<br>General of the United States,<br>Respondent | :<br>:<br>: | OCTOBER 16, 2003 |

## OBJECTION TO MOTION TO ALTER OR AMEND JUDGMENT

Respondent hereby opposes petitioner's motion to amend or alter judgment filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

A court should grant or award relief on a motion for reconsideration "only if the moving party presents [factual] matters or controlling decisions the court overlooked that might materially have influenced its earlier decision." Horsehead Resource Development Co., Inc., v. B.U.S. Environmental Services, Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996)(quotations and citations omitted).

Petitioner fails to cite any factual matters or controlling decisions overlooked by the court in its ruling on the petition for writ of habeas corpus. Rather, it appears that petitioner's representative merely attempts to present a legal argument not previously asserted. As the court correctly recognized in its ruling, petitioner improperly relied on the definition of "destructive device" under 18 U.S.C. 921(a)(4)(B), which excludes certain shotguns, to support his unsuccessful argument that he

was not convicted of a removable firearms offense pursuant to INA section 237(a)(2)(C). Petitioner made no mention of 18 U.S.C. 921(a)(3) or the exclusion of "antique firearms" contained therein.

It is clear that a motion for reconsideration "may not be used to plug gaps in original arguments or to argue in the alternative once a decision has been made." Id. The attempt by petitioner's representative to do so here should be rejected.

Moreover, even if petitioner had presented this argument in the petition for writ of habeas corpus, it would have failed. Like section 921(a)(3), New York Penal Law (NYPL) section 265.00(03) expressly excludes antique firearms from the definition of firearms. The antique firearm is separately defined in NYPL 265.00(14); see also People v. Wedgewood, 483 N.Y.S. 2d 440, 106 A.D. 2d 674 (1984); People v. Mott, 447 N.Y.S. 2d 632 (1982).

Accordingly, the motion lacks merit and should be denied.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

WILLIAM M. BROWN, JR.
ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510
(203) 821-3700
FEDERAL BAR NO. ct20813

2

CERTIFICATION

This is to certify that a copy of the foregoing was sent via United States Mail, postage prepaid, on this date, to:

Mr. Michael Moore
107 Oak Street
Hartford, CT 06106

Dated at New Haven, Connecticut on October 16, 2003.

WILLIAM M. BROWN, JR.
ASSISTANT UNITED STATES ATTORNEY